IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICOLAS ALFONSO PADRON, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:21-cv-01580-N (BT) |
| § | |
| GRAND PRAIRIE COMPLEX FBOP, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Nicolas Alfonso Padron, a former federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he asks to "correct [his] probation start date" from September 10, 2022 to March 10, 2022. Pet. 1 (ECF No. 3). However, as explained below, the Court should DISMISS the petition as likely moot.

I.

Padron pleaded guilty in two separate criminal cases, Case Number 3:12-CR-00211-M(1) and Case Number 3:12-CR-00310-N(3), to conspiracy to unlawfully distribute controlled substances and conspiracy to commit healthcare fraud. In 2014, the District Court sentenced him to 87 months' imprisonment in the drug case and 57 months' imprisonment in the healthcare fraud case, with the 87-month sentence to run consecutive to the 57-month sentence. The BOP later projected that Padron would be released from custody on September 9, 2022, making him eligible for home detention

1

on March 9, 2022.[1] On June 30, 2020, however, the BOP moved Padron to home confinement. And on March 28, 2022, Respondent filed a notice stating that Padron was released from BOP custody on January 18, 2022.

II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Padron's March 28 release provided him the relief he ultimately sought in his petition – early release from BOP custody. The petition should therefore be dismissed as likely moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam) (dismissing a § 2241 petition as moot after the petitioner's release where "the thrust of [the] petition [was] to be released from confinement"); *see also Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (a § 2241 petition seeking immediate release because the BOP failed to properly credit petitioner's sentence was mooted by his subsequent release)

---

[1] The BOP computed Padron's release date using a 144-month aggregate sentence, commencing on March 17, 2014, the date his first sentence was imposed. The BOP awarded Padron jail time credit from June 19, 2012, the date of his arrest, through March 16, 2014. If Padron received all projected good conduct time, the BOP projected he would be released from custody on September 9, 2022.

(citing *Bailey,* 821 F.2d at 278–79); *United States v. Boston,* 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot.").

III.

The Court should DISMISS the petition as likely moot.

SO RECOMMENDED.

Signed March 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).